IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

RICHARD J. MURRAY,                    )
                                       )
            Plaintiff,                 )   TC-MD 190106R
                                       )
      v.                               )
                                       )
WASCO COUNTY ASSESSOR,                 )
                                       )
            Defendant.                 )   **DECISION**

Plaintiff appealed Defendant's Board of Property Tax Appeals Order, dated March 5, 2019, for the 2018-19 tax year, for property identified as Account 14878 (subject property).  A trial was held on July 30, 2019, in the courtroom of the Wasco County Circuit Court.  Richard J. Murray ("RJM")[1] appeared and testified on his own behalf.  Georgiana Murray ("GM") also testified on behalf of Plaintiff.  Jill Amery (Amery), the Wasco County Assessor, appeared and testified on behalf of Defendant.  Angie Brewer (Brewer), Wasco County Planning Director, also testified on behalf of Defendant.  Plaintiff's Exhibits 1 to 7 were admitted into evidence without objection.  Plaintiff's Exhibit 8 was admitted into evidence over Defendant's objections, however, the court ordered the document protected from disclosure as confidential pursuant to ORS 305.430.  Defendants Exhibit's A to F were admitted into evidence without objection.

I.  STATEMENT OF FACTS

The subject property is a 20.5-acre unimproved parcel located on Seven-Mile Hill road in a rural area of Wasco County.  RJM testified he purchased the subject property, then zoned for agricultural use, in 1990 for $14,000.  He testified that he tried several times to develop the

---

[1] It is the court's practice to identify parties by last name, however, there are two witnesses with the same last name.  Thus, the court will use initials instead.

parcel but was denied each time by the Columbia Gorge Commission (the Commission). RJM testified that the Commission asserted that the subject property contained cultural resources-alleged to be 10,000-year-old Native American artifacts. He testified that he began digging a quarry on the property and thereafter the Commission obtained an injunction prohibiting activity on the subject property without a cultural resource study. RJM believes the injunction leaves him unable to do anything on the subject property – even walking on it.

RJM testified that the value of the subject property on the assessment date should be $10,000. In support of his valuation, RJM presented a warranty deed, recorded August 28, 2009, conveying a property on Seven-Mile Hill road for $65,000. (Ptf's Ex 2 at 3.) RJM testified that the property consisted of 120 unimproved acres located one mile down the road from the subject property. Further, he testified that property values for agricultural use property in the area have not changed that much since the sale. Using that sale, RJM calculated the price per acre at $541 per acre, which he roughly calculated to reach his asserted value.

GM testified that she has held a sales and broker real estate license since 1986. She has prepared numerous broker price opinions for asset management companies. She did not perform an appraisal or provide any opinion of value for the subject property.

Amery testified that she is the Assessor and Tax Collector for Wasco County. She is a state certified licensed fee appraiser but holds an inactive license due to her current position. Amery testified that she has had numerous conversations with RJM about the subject property and its value. She testified that she recently removed the subject property from farm use special assessment, because there was no actual farm use. She testified that the subject property is zoned for agricultural use, but that its highest and best use is as a small farm with a small farm dwelling.

Amery testified that despite the injunction affecting part of the subject property, she believes the remainder could be improved. In determining the value of the subject property, she gave a functional obsolescence adjustment at 51 percent for the limitation imposed to preserve sensitive cultural resources protected by the court injunction. She testified that no one knows if part of the subject property could be developed, until the owners present an application for improvement and a proper cultural resource assessment is performed. Amery urged the court to sustain the current roll values.

Brewer testified that she formally worked for the Commission as a planner and joined the county as a planning director in 2014. She testified that the Commission no longer has direct authority over the subject property and that any application for its development would go directly to Defendant. Based on her review of the injunction, approximately two-thirds of the subject property cannot be developed. She testified that she could not determine what amount of development would be allowed on the subject property until there was a request by Plaintiff and a review by the Defendant.

## II. ANALYSIS

The issue before the court is the real market value of the subject property for the 2018-19 tax year. ORS 308.205(1)[2] defines real market value as:

> "Real market value of all property, real and personal, means the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arms-length transaction occurring as of the assessment date for the tax year."

For the 2018-19 tax year, the assessment date was January 1, 2018. ORS 308.007; ORS 308.210(1). Three approaches to value must be considered: (1) the cost approach; (2) the sales

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2017.

comparison approach; and (3) the income approach. OAR 150-308-0240(2)(a). Although all three approaches must be considered, all three may not be applicable in a given case. *Id*. The sales comparison approach "may be used to value improved property, vacant land, or land being considered as though vacant." *Chambers Management Corp. v. Lane County Assessor*, TC-MD 060354D, 2007 WL 1068455 at *3 (Or Tax M Div Apr 3, 2007) (citations omitted). "The court looks for arm's length sale transactions of property similar in size, quality, age and location" to the subject property. *Richardson v. Clackamas County Assessor*, TC-MD 020869D, 2003 WL 21263620 at *3 (Or Tax M Div Mar 26, 2003).

Because Plaintiff is the party seeking affirmative relief in this appeal, he has the burden of proof and must prove, by a preponderance of the evidence, that there is an error in the real market value appearing on the assessment and tax rolls. ORS 305.427; *Feves v. Dept. of Rev.*, 4 OTR 302, 312 (1971). "Preponderance of the evidence means the greater weight of evidence, the more convincing evidence." *Id*. "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his burden of proof * * *." *Reed v. Dept. of Rev.*, 310 Or 260, 265, 798 P2d 235 (1990). Taxpayer cannot sustain his burden of proof merely through noting errors in Defendant's position but must instead "provide competent evidence of the [real market value] of their property." *Poddar v. Dept. of Rev.*, 18 OTR 324, 332 (2005) (quoting *Woods v. Dept. of Rev.*, 16 OTR 56, 59 (2002) (citation omitted)). "Competent evidence includes appraisal reports and sales adjusted for time, location, size, quality, and other distinguishing differences, and testimony from licensed professionals such as appraisers, real estate agents, and licensed brokers." *Danielson v. Multnomah County Assessor*, TC-MD 110300D, WL 879285 (Or Tax M Div Mar 13, 2012).

/ / /

Plaintiff argues for a reduction in real market value of the subject property due to a court injunction which he believes restrictions *all* use of the subject property. Defendant conceded that the subject property's real market value is impacted by the injunction but contends that only part of the subject property is affected. The court agrees that the injunction and possible existence of historic cultural resources on the land does impact the real market value. *See* ORS 308.205(2). However, based on Plaintiff's Exhibit 8, which depicts a map of the subject property superimposed by a line showing approximately two-thirds of the property covered by potential cultural resources, Plaintiff's assertion of a total ban on use of the subject property is not persuasive. The court is unable to determine the impact of the injunction based on the evidence Plaintiff presented.

Plaintiff's sole evidence of value of the subject property is one sale which purportedly occurred over eight years before the assessment date. Plaintiff provided scant information about how this property or the sale compares with the subject property. The transaction was not verified and Plaintiff did not make any adjustments for the time of sale, size, location, or condition of the properties. Plaintiff also did not provide evidence for his claim that the market value of agricultural properties in the area remained constant for an extended period of time. Plaintiff's evidence is simply insufficient to establish the value of the subject property as of the assessment date. As stated above, Plaintiff must offer his own evidence of real market value and cannot meet his burden by merely criticizing Defendant's conclusion of real market value. *See Woods,* 16 OTR at 59. The court finds that Plaintiff has not met his burden of proof as to the subject property's real market value.

/ / /

/ / /

## III.  CONCLUSION

After careful consideration of the facts, the court finds that Plaintiff has failed to present sufficient evidence for the court to establish a real market value for the subject property.  Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this ___ day of January 2020.

_____
RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed.  TCR-MD 19 B.*

*This document was signed by Magistrate Richard Davis and entered on January 16, 2020.*